## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                        :    CHAPTER 13
                                              :
                                              :
JASON KOLB                                    :    NO. 15-12255 MDC
                                              :

## SECOND AMENDED CHAPTER 13 PLAN

1. If the instant estate were liquidated under chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would receive a full distribution.

2. Under this plan the Debtor will provide full payment to unsecured nonpriority creditors, to the extent of their claims.

3. The future earnings of the Debtor are submitted to the supervision and control of the trustee and the Debtor shall pay to the trustee those sums set forth below on a monthly basis for a period of sixty months (60) months. The total plan payments are $29,004 including the Trustee's commission. The Debtor shall submit to the supervision and control of the trustee the following sums:

   a. The first 6 months of the Plan: $325.

   b. During the next 54 months of the Plan: $501.

4. The various claims of the Debtor's creditors shall be classified as follows:

   a. Class 1 – There are none.

   b. Class 2 – Priority. There are no priority claims.

   b. Class 3 – Secured. The claims which are secured by a lien. Americredit filed a secured claim in the amount of $9,959.79 (Claim 1). Claim 1 will not be paid through the Plan as Debtor is surrendering his interest in the vehicle. Debtor's wife, a co-owner, has been making payments directly to Americredit.

Spring Mountain filed a secured claim in the amount of $12,242.46.

Citizens Bank filed a secured claim, showing an arrearage in the amount of $13,814.10.

    c. Class 4 –Class 4 claimants are any unsecured creditors: There are none.

5. The payments received by the trustee from the Debtor pursuant to this plan shall be distributed as follows:

    a. Class 1 Claims: The amount paid by the Debtor to the trustee shall be distributed first to the Class 1 claims, pro rata, until they are paid in full.

    b. Class 2 Claims: After the application to the appropriate amount each month to the Class 1 claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, to the holders of the Class 2 claims until each such claimant shall receive 100% of the amount allowed on each such claim.

    c. Class 3 Claims: After the application to the appropriate amount each month to the Class 1 claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, to the holders of the Class 3 claims until each such claimant shall receive 100% of the amount allowed on each such claim.

    d. Class 4 Claims: After payment to Classes 1, 2 and 3, the amount paid by the Debtor to the trustee shall be distributed to the Class 4 claims, pro rata.

6. All mortgages on the Debtor residence will be paid all post-petition amounts directly and will not be paid under the plan. The Debtor will cure the default on that mortgage within a reasonable period of time.

7. Confirmation of this plan shall constitute a finding that the plan constitutes the Debtor's best effort under all circumstances to pay creditors, within the meaning of 11

U.S.C. 727(a)(9).

8.  The title to the property of the estate shall revest in the Debtor upon confirmation of this plan, and the Debtor shall have sole right to use and possession thereof.

9.  Upon completion of this plan, all debts listed in Debtor's Chapter 13 statement, except those excepted by 11 U.S.C. 1328(a)(1) or (a)(2), shall be discharged.

10. If, prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.

DATE: October 12, 2015            /s/Daniel T. McGrory
                                   Daniel T. McGrory, Esquire
                                   Attorney for Debtor